IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Andre Boynton,  Case No. 1:12CV263

        Petitioner

  v.  **ORDER**

Michael Sheets, Warden,

        Respondent

Petitioner Andre Boynton objects (Doc. 9) to the Magistrate Judge's Report and Recommendation (Magistrate's Report) (Doc. 8), which recommends denying Boynton's petition for habeas corpus pursuant to 28 U.S.C. § 2254. Based on a *de novo* review of the record and the applicable law, I overrule Boynton's objections, and adopt the Magistrate's Report in full.

**Background**

The opinion of the Ohio Court of Appeals provides the background to petitioner's conviction:

> In the afternoon on April 26, 2006, defendant flagged down 13-year-old M.E.("the victim"), who was walking in the Superior Avenue and E. 105th Streets area of Cleveland. Defendant asked M.E. her name and age, and she answered his questions truthfully. M.E. got into defendant's car and the two went to defendant's house, where they engaged in consensual sexual intercourse.
>
> Later that day, M.E. told her mother that she had sexual intercourse, and her mother took M.E. to the hospital where a rape kit was performed. The police arrived at the hospital, and M.E. told them that she had sex with a man named Leonard Welch.
>
> In November 2006, the Ohio Bureau of Criminal Identification and Investigation ("BCI") performed DNA tests on the items in M.E.'s rape kit. Male DNA was found on M.E.'s swabs; however, it did not match Leonard

>Welch's DNA.
>
>BCI determined that the DNA from M.E.'s rape kit was consistent with defendant's DNA. The information was given to the police, who showed M.E. a line-up of photographs "to see if she could identify the suspect that had been identified by BCI." M.E. picked defendant out of the line-up.
>
>In February 2007, BCI again compared the DNA from M.E.'s swabs with defendant's DNA and found them to be consistent.

*State v. Boynton,* 2011 WL 3504849, *1.

On July 10, 2007, the Cuyahoga County, Ohio Grand Jury indicted petitioner for two counts of sexual conduct with a minor in violation of O.R.C. 2907.04 (A). Petitioner requested and received a referral for psychiatric examination to determine his competency to stand trial. Thereafter, both sides stipulated to the findings in the psychiatric report, which had determined that petitioner was competent to stand trial. *Id.* at 4.

Although he was represented by counsel, petitioner filed a *pro se* motion to dismiss based upon his right to a speedy trial on April 10, 2009. *Id.* at 5-8. The jury found petitioner guilty of both counts. *Id.* at 38.

The trial court imposed consecutive five year sentences on each count. The court also ran these sentences consecutive to an earlier sentence for gross sexual imposition. The court classified petitioner as a Tier II registrant under the Adam Walsh Act. *Id.*

Petitioner filed an appeal with the Ohio Court of Appeals for the Fifth District. *Id.* at 41. Petitioner raised nine assignments of error:

>1) improper peremptory challenge of three jurors on the basis of race;
>
>2) ineffective assistance of counsel in failing to respond timely to discovery request;
>
>3) ineffective assistance of counsel in failing to ensure that defendant was competent to stand

trial;

4) abuse of discretion by trial court in excluding evidence;

5) abuse of discretion by trial court in imposing the maximum term of incarceration;

6) insufficient evidence to support conviction;

7) verdict against the manifest weight of the evidence;

8) denial of Sixth Amendment right to speedy trial; and

9) denial of right to fair trial in violation of the due process guarantee of the Fourteenth Amendment because of the cumulative effect of above errors.

The Ohio Court of Appeals for the Eighth District affirmed petitioner's conviction and sentence. *Id.* At 114-32.

Petitioner appealed to the Ohio Supreme Court. *Id.* at 133-4. The court dismissed the appeal as not involving any substantial constitutional questions. *Id.* At 176.

On February 22, 2011, petitioner filed a state petition for post-conviction relief. *Id.* at 177-86. Petitioner raised two claims: 1) ineffective assistance of counsel; and 2) petitioner was not competent to assist attorney with preparation of his defense. *Id.* at 180,184. The trial court denied the petition; petitioner did not appeal.

On January 26, 2012, petitioner filed his habeas corpus petition in this court. In his petition he repeats the same nine grounds he asserted as assignments of error on direct appeal.

The Magistrate Judge recommends dismissing Boynton's claims of error.

Because petitioner properly exhausted his state law remedies, I review his claims on the merits:

**Standard of Review**

The standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies in this case. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000), the Supreme Court clarified the standard of review and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

## Discussion

### 1. Improper Peremptory Challenge
### of Three Jurors on the Basis of Race

The Magistrate Judge recommends dismissing petitioner's claim of error that the Prosecutor impermissibly used peremptory challenges to exclude three jurors on the basis of race. Petitioner objects to this recommendation and argues that the prosecutor's reasons for challenging the jurors

were mere pretext unsupported by the record.

In *Batson v. Kentucky,* 476 U.S. 79, 93-7 (1986), the Supreme Court established a three-step procedure for evaluating claims of racial discrimination in peremptory strikes. First, the opponent must make a prima facie showing of discrimination. Second, the proponent must give a race neutral explanation. Third, the trial court must determine whether the defendant has proven purposeful discrimination.

The state appellate court properly applied the *Batson* test in their evaluation of petitioner's claim of error. *Boynton, supra,* at *1-2. The court asked the State to give a race neutral explanation for its challenges. The State provided the race neutral explanation that the jurors seemed unintelligent. *Id.* After the State's explanation the defendant was unable to provide any specifics to support his claim of pretext. *Id.*

The Magistrate Judge scrutinized the alleged improper peremptory challenge and properly found the state court's decision was not contrary to clearly established federal law. I concur.

### 2. Counsel's Failure to Respond Timely to Discovery Request

The Magistrate Judge recommends dismissing petitioner's claim of error that counsel's failure to respond timely to a discovery request amounted to ineffective assistance of counsel. Petitioner objects to this recommendation and argues that the failure to respond did prejudice his case because it denied him the opportunity to present the DNA evidence.

"To substantiate a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) the performance of defense counsel was seriously flawed and deficient and (2) the result of defendant's trial or legal proceeding would have been different had defense counsel provided proper

5

representation." *Strickland v.Washington,* 466 U.S. 668 (1984).

The state appellate court properly applied *Strickland* and found that the timeliness of defense counsel's discovery response was not a factor in the trial court's evidentiary ruling. The trial court excluded the evidence because it was cumulative and weighed against petitioner, showing that he could not be excluded as a contributor of the DNA. As a consequence, even if defense counsel had timely disclosed the report, the result of the proceeding would not have been different because the court excluded the evidence on different and independent grounds.

The Magistrate Judge carefully reviewed the record and agrees that the trial court chose to exclude the evidence on the basis that it was cumulative and prejudicial to petitioner. I concur.

### 3. Counsel's Failure to Ensure Petitioner was Competent to Stand Trial

The Magistrate Judge recommends dismissing petitioner's claim of error that counsel's failure to explore petitioner's competence more thoroughly amounted to ineffective assistance of counsel. Petitioner objects to this recommendation and argues that defense counsel's failure to discover petitioner's bi-polar disorder and object to his competency to stand trial amounted to ineffective assistance of counsel. Petitioner further alleges that but for this deficiency it is likely that the outcome of the trial would have been different.

At the request of petitioner's counsel, the trial court ordered a competency examination. The court's expert report concluded that petitioner had no mental health issues, he understood the nature of court proceedings, and was competent to stand trial. The State and defense counsel stipulated to these findings.

On appeal, petitioner claimed to suffer from bi-polar disorder and argued that his trial

counsel should have been aware of his "mental state" and requested an independent "psychic exam."

The state appellate court properly applied *Strickland* and concluded that petitioner failed to show counsel's performance was substandard or that a second mental evaluation would have shown him to be incompetent to stand trial.

After review, the Magistrate Judge concluded that the state court's analysis of the ineffective assistance of counsel claim was neither contrary to *Strickland* nor an unreasonable application of *Strickland.* I concur.

### 4. Exclusion of Evidence

The Magistrate Judge recommends dismissing petitioner's fourth claim of error that the trial court judge abused his discretion by refusing to allow the petitioner's DNA expert to testify. Petitioner objects and argues that his expert would have shown that the State's DNA evidence understated the likelihood that someone else could have been the source of semen. Petitioner contends that excluding evidence of this type violates his right to fair trial under the due process clause.

Federal courts may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Smith v. Sowders,* 848 F.2d 735, 738 (6th Cir.1988). Trial-court errors in evidence law only warrant federal habeas review if "the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo,* 365 F.3d 487, 494 (6th Cir.) (citing *Estelle v. McGuire,* 502 U.S. 62, 69–70 (1991)). The Supreme Court has repeatedly emphasized that this standard creates an extremely high bar for a bare due-process objection to the admission of evidence. *See, e.g., Perry*

*v. New Hampshire,* 132 S.Ct. 716, 723 (2012) (citing *Napue v. Illinois,* 360 U.S. 264, 269 (1959)).

The appellate court reviewed the trial courts decision on an abuse of discretion standard. The court summarized and examined the record documenting the trial court's reasoning for excluding the evidence. The record showed that the trial court decided to exclude the evidence because it was cumulative and prejudicial to the petitioner's case.

The Magistrate Judge concurred with the state appellate court that there was no abuse of discretion rendering the trial "so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment," *see McAdoo*, *supra.* I concur.

### 5. Imposition of Maximum Sentence

The Magistrate Judge recommends dismissing petitioner's fifth claim of error that the trial court judge abused his discretion by imposing the maximum sentence. Petitioner objects and argues that his requests for removal of the judge created a harsh atmosphere and the sentence was vindictive, unfair, and harsh and amounted to a manifest miscarriage of justice.

A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only. *Howard v. White,* 76 Fed. Appx. 52, *2 (6th Cir.2003) (citing *Travis v. Lockhart,* 925 F.2d 1095, 1097 (8th Cir.1991) and *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir.1988)). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle,* 502 U.S. at 67.

The state appellate court found that the sentencing judge properly applied the state sentencing guidelines. The sentence imposed was within the statutory range, and the sentencing judge properly considered the purpose of the sentence and the recidivism factors in imposing his sentence.

I agree with the Magistrate Judge that the petitioner's fifth claim of error is meritless.

### 6. Insufficient Evidence to Support Conviction

The Magistrate Judge recommends dismissing petitioner's sixth claim alleging that there was insufficient evidence to convict. Petitioner raises a cursory objection that the evidence presented raised only a mere suspicion of guilt and was not sufficient for a reasonable trier of fact to find guilt beyond a reasonable doubt.

The due process clause of the Fourteenth Amendment requires that a criminal conviction be based upon proof beyond a reasonable doubt as to every fact necessary to constitute the offense charged. *In re Winship,* 397 U.S. 358, 363-64 (1970). The standard for determining sufficiency of the evidence is "whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 317 (1979). In reaching its determination as to the sufficiency of the evidence, a court may not substitute its determination of guilt or innocence for that of the factfinder, nor may it weigh the credibility of witnesses. *See id.*; *see also Walker v. Engle,* 703 F.2d 959, 970 (6th Cir.1983).

To determine whether the state court unreasonably applied the sufficiency-of-the-evidence standard of *Jackson v. Virginia,* "[f]irst, [the Court] must ask whether the evidence itself was sufficient to convict.... [and] [t]he inquiry ends if [the Court] determines that there was sufficient evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 653 (6th Cir.2010) (citation omitted). Second, "[i]f [the Court] find[s] that the evidence is insufficient to convict, [the Court] must then apply AEDPA deference and ask whether the state court was 'objectively unreasonable' in concluding that a rational trier of fact could find [petitioner] guilty beyond a reasonable doubt." *Id.* (citation

omitted).

The state appellate court thoroughly reviewed the totality of the evidence. The court concluded that the victim gave plausible explanations for the inconsistencies in her story. And that in light of the victim's testimony and the DNA evidence there was more than sufficient evidence to conclude beyond a reasonable doubt that the petitioner committed the offense.

The Magistrate Judge concluded that based upon the facts, as stated by the state court, there was sufficient evidence to convict petitioner. I concur.

### 7. Verdict Against Manifest Weight of Evidence/ Denial of Fair Trial Because of Cumulative Errors

The Magistrate Judge recommends dismissing petitioner's seventh and ninth claims that the verdict was against the manifest weight of the evidence and the cumulative effect of all of the assigned errors denied him a fair trial. The Magistrate Judge's Report states that these claims fail to state a constitutional violation. Petitioner argues that the victim's testimony was not credible and that cumulative error is grounds for overturning a conviction if the effect of the errors is to deny a fair trial.

A claim that a conviction is against the manifest weight of the evidence is not cognizable in federal habeas corpus review. *Young v. Kemp,* 760 F.2d 1097, 1105 (11th Cir.1985); *Walker v. Timmerman-Cooper,* 2006 WL 3242101 (S.D. Ohio). Manifest weight claims are derived from purely state law whereby the state appellate court sits as a "thirteenth juror and disagrees with fact finder's resolution of conflicting testimony" and finds that the "jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Tibbs v. Florida,* 457 U.S. 31, 41-47 (1982); *State v. Thompkins,* 78 Ohio St.3d 380, 389 (1997)(superseded by state constitutional amendment on other grounds, *State v. Smith,* 80 Ohio St.3d

89 (1997) ( quoting *State v. Martin,* 20 Ohio App.3d 172, 175 (1983)).

The Sixth Circuit has held that "post-AEDPA, not even constitutional errors that would not individually support habeas relief can be cumulated to support habeas relief." *Moore v. Parker,* 425 F.3d 250, 256 (6th Cir.2005). *See also Sheppard v. Bagley,* 657 F.3d 338, 348 (6th Cir.2011) (noting that, post-AEDPA, petitioner's cumulative error claim is not cognizable on habeas review); *Hoffner v. Bradshaw,* 622 F.3d 487, 513 (6th Cir.2010) (same); *Lorraine v. Coyle,* 291 F.3d 416, 447 (6th Cir.2002) (stating that "[t]he Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief").

I agree with the Magistrate Judge that petitioner's seventh and ninth assignments of error are mertiless.

## 8. Denial of Speedy Trial

The Magistrate Judge recommends dismissing petitioner's eighth claim of error that he was denied his right to a speedy trial. Petitioner objects that he told his lawyer not to do anything that would waive his right to a speedy trial.

The state court considered petitioner's argument that he was brought to trial 45 days later than the date he was required to be brought to trial under Ohio law. The court concluded the time limitations did not apply to petitioner because he was in jail pending trial in at least one other case when indicted for the instant offenses. Additionally, the court found that the petitioner's numerous requests for continuances tolled the defendant's speedy trial time.

The Magistrate Judge noted that the state court did not explicitly undertake the required constitutional analysis. Where a state court decides a constitutional issue without extended discussion, the federal habeas court should focus on the result of the state court's decision, applying

11

the correct standard in its analysis. *Harris v. Stovall,* 212 F.3d 940, 943 n. 1 (6th Cir.2000). The Magistrate Judge carefully considered the issue under the proper constitutional standard:

The court's consideration of a claim that Ohio has violated its speedy trial rules is limited to a determination of whether the state's action has violated the petitioner's Sixth Amendment right to a speedy trial. *Poe v. Caspari,* 39 F.3d 204, 207 (8th Cir.1994); *Massenburg v. Pitcher,* 2003 WL 88118, at *8 (E.D.Mich.). The Sixth Amendment to the U.S. Constitution guarantees the accused a speedy trial in all criminal prosecutions. The right to a speedy trial is "fundamental," and is imposed on the states by the Due Process Clause of the Fourteenth Amendment. *Barker v. Wingo,* 407 U.S. 514, 515 (1972). The Supreme Court said that the states "are free to prescribe a reasonable period consistent with constitutional standards." *Id.* at 523.

The *Barker* Court set out four criteria for adjudicating alleged violation of the constitutional right to a speedy trial: 1) length of the delay; 2) reason for the delay; 3) defendant's assertion of his right; and 4) prejudice to the defendant. *Barker, supra,* 407 U.S. at 530; *Norris v. Schotten,* 146 F.3d 314, 326 (6th Cir. 1998). None of the four factors is either necessary or sufficient to finding a deprivation of the right to a speedy trial, but must be balanced with other relevant circumstances. *Id.* at 533. A reviewing court assesses prejudice, the most important of the considerations, in light of three interests to the petitioner: 1) preventing of oppressive pretrial incarceration; 2) minimization of anxiety and concern of the accused; and 3) limiting the possibility of impairment of the defense. *Id.* at 532.

In a subsequent decision, *Doggett v. United States,* 505 U.S. 647 (1992), the balance was described as "whether [the] delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted

his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Id.* at 651.

In *Barker* the Court noted that the first factor is "a triggering mechanism," instructing that "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." 407 U.S. at 530; *Maples v. Stegall,* 427 F.3d 1020, 1025 (6th Cir.2005); *Norris, supra,* 146 F.3d at 326. Thus, the first inquiry is "whether there was a presumptively prejudicial delay" to warrant further investigation of the Barker factors. *Norris, supra,* 146 F.3d at 326–327. A reviewing court measures the length of delay from the date of the indictment or the date of the arrest, whichever is earlier. *Maples, supra,* 427 F.3d at 1026. Courts have found that a delay of one year or longer "marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* inquiry." *Doggett, supra,* at 652, n. 1.

Indicted on July 10, 2007, petitioner did not come on for trial until June 5, 2009. Accordingly, the nearly two-year delay is presumptively prejudicial. However, a review of the trial court's docket, reveals that discovery issues, plea negotiations, the unavailability of counsel, and the resolution of defense motions resulted in numerous continuances and substantial delay. The reasons for delay matter because those reasons determine the amount of proof a petitioner must proffer to show prejudice. *See United States v. Brown,* 169 F.3d 344, 350–51 (6th Cir.1999) (holding that government's negligence resulted in a the Sixth Amendment violation). This inquiry, however, is not a search for a blameless party. The reviewing court is instead concerned with who "is more to blame for that delay." *Doggett, supra,* 505 U.S. at 651.

Although petitioner filed a pro se motion to dismiss based on his speedy trial rights, he is nonetheless responsible for many delays of the trial, including his motions for a competency evaluation and an independent examination of the DNA evidence and, his affidavit to

13

disqualify the trial judge. Furthermore, on at least two occasions, his trial counsel was not available to proceed to trial. Of greatest import, petitioner has not articulated any oppressive pretrial incarceration, anxiety, and concern during the pre-trial phase, or any impairment of his defense.

In light of the Magistrate Judge's careful analysis, I am satisfied that the delay preceding petitioner's trial did not violate his sixth amendment right to a speedy trial.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT:

1. Petitioner's objections to the Magistrate Judge's Report and Recommendation (Doc. 9) be, and the same hereby are, overruled; and

2. The Magistrate Judge's Report and Recommendation (Doc. 8) be, and the same hereby is adopted;

3. The petition be and the same hereby is dismissed, with prejudice.

I decline to grant a certificate of appealability. In any event, petitioner could not take an appeal from this decision in good faith, and appeal should not be allowed without prepayment of the requisite filing fee.

So ordered.

/s/ James G. Carr
James G. Carr
Sr. United States District Judge